**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
——————————————————————————

**FRED JENKINS,**

                          **Plaintiff,**                    **21-cv-2848 (JGK)**

            **- against -**                         <u>**MEMORANDUM OPINION AND**</u>
                                                    <u>**ORDER**</u>
**NYC HEALTH AND HOSPITALS**
**CORPORATION, ET AL.,**

                          **Defendants.**
——————————————————————————

**JOHN G. KOELTL, District Judge:**

    The <u>pro se</u> plaintiff, Fred Jenkins, brought this action
against the defendants NYC Health and Hospitals Corporation
("H&H") and Kevin Matulich alleging disparate treatment on the
basis of race, a hostile work environment based on race, and
retaliation for reporting alleged racial discrimination. On July
19, 2022, this Court granted the plaintiff's motion to amend his
complaint by September 9, 2022 to add a Title VII claim against
H&H. <u>Jenkins v. NYC Health and Hosps. Corp.</u> ("<u>Jenkins I</u>"), No.
21-cv-2848, 2022 WL 2833804, at *6. The plaintiff did not file a
third amended complaint by September 9, 2022. On November 21,
2022, this Court issued a scheduling order directing the parties
to make any motions to amend or join additional parties by
January 20, 2023. ECF No. 65. On November 25, 2022, this Court
stayed the deadlines in the scheduling order for twenty-one days
until February 10, 2023. ECF No. 67.

The plaintiff now moves pursuant to Federal Rule of Civil Procedure 15 for leave to file a third amended complaint. ECF No. 70. In his proposed third amended complaint, the plaintiff seeks to add an additional defendant and two new claims against each of the current defendants. For the following reasons, the plaintiff's motion for leave to file an amended complaint is **granted** in part and **denied** in part.

## I.

The Court assumes familiarity with the original facts of this case, which are set out in greater detail in Jenkins I, 2022 WL 2833804, at *1-2.

The plaintiff's proposed amended complaint includes new breach of contract claims against H&H and Matulich. Proposed Am. Compl., ECF No. 70-1, ¶¶ 356-70. Jenkins alleges that guidelines in H&H's supervisory evaluation form, in addition to H&H's "Personnel Rules and Regulations Manual," created an implied employment contract between Jenkins and H&H. Id. ¶¶ 201-02, 212-13, 233-42. The plaintiff alleges that the defendants did not allow the plaintiff to see and receive a copy of his "Job Performance Evaluation report," and did not allow the plaintiff to write a rebuttal to the report. Id. ¶¶ 356-57, 363-65. The plaintiff also alleges that the defendants did not provide the plaintiff with a proper written notice of his termination nor provide the plaintiff with a reason for his termination as

required by the alleged implied contract. <u>Id.</u> ¶¶ 358-62, 366-68. The plaintiff also expands on his current claims. <u>See</u> <u>id.</u> ¶¶ 51-52, 86-96, 101.

The proposed complaint also adds as a defendant Jamie Grecco, a former Personnel Director for H&H's Human Resources department. Pl.'s Mot., ECF No. 70, at 4-6.[1] The plaintiff alleges that Grecco violated the plaintiff's right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution and Article I, Section 11 of the New York State Constitution by not extending to the plaintiff the same employment evaluation privileges normally extended to all of H&H's sub-managerial employees. Proposed Am. Compl. ¶ 355. The plaintiff also alleges breach of contract claims against Grecco on a theory of implied contract. <u>Id.</u> ¶¶ 369-70.

**II.**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that the "court

---

[1] The plaintiff seeks to join Grecco pursuant to Federal Rule of Civil Procedure 15(a)(2). Rule 15 does not contain a mechanism to join a new defendant. However, because the plaintiff is proceeding <u>pro se</u>, his complaint must be construed liberally. <u>See</u> <u>Tracy v. Freshwater</u>, 623 F.3d 90, 101 (2d Cir. 2010). Accordingly, the plaintiff's request is construed as pursuant to Federal Rule of Civil Procedure 20, which allows defendants to be joined in an action if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction [or] occurrence."

should freely give leave when justice so requires."[2] Whether to permit leave to amend is within the sound discretion of the district court, and ordinarily leave to amend should be granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).[3] However, a motion to amend need not be granted if amendment would be futile. <u>Ellis v. Chao</u>, 336 F.3d 114, 127 (2d Cir. 2003). A proposed amendment is futile if the amended pleading "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." <u>Lucente v. Int'l Bus. Machs. Corp.</u>, 310 F.3d 243, 258 (2d Cir. 2002).

When deciding whether an amended pleading could withstand a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the amended complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to

---

[2] Because the plaintiff's motion "seeks to add new parties, it is also governed by Rule 21, which provides that 'the court may at any time, on just terms, add or drop a party.'" <u>Chow v. Shorefront Operating LLC</u>, No. 19-cv-3541, 2021 WL 225933, at *3 (E.D.N.Y. Jan. 20, 2021) (quoting Fed. R. Civ. P. 21). The standard of liberality under Rule 15(a) also applies to Rule 21. <u>Duling v. Gristede's Operating Corp.</u>, 265 F.R.D. 91, 96-97 (S.D.N.Y. 2010) (collecting cases).

[3] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the amended complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the amended complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius,

618 F.3d 162, 170 (2d Cir. 2010). "Even in a <u>pro se</u> case,
however, . . . threadbare recitals of the elements of a cause of
action, supported by mere conclusory statements, do not
suffice." <u>Id.</u> Thus, although the Court is "obligated to draw the
most favorable inferences" that the complaint supports, it
"cannot invent factual allegations that [the plaintiff] has not
pled." <u>Id.</u>

In addition, Federal Rule of Civil Procedure 16(b)(4)
applies when a party moves to amend a pleading after the
deadline provided by a scheduling order to do so has expired.
<u>Kassner v. 2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 243-44 (2d
Cir. 2007). Rule 16(b)(4) provides that the Court's scheduling
order "may be modified only for good cause and with the judge's
consent." When a motion to amend a pleading is made after the
deadline set by a Rule 16(b) scheduling order has expired, "the
lenient standard under Rule 15(a) . . . must be balanced against
the requirement under Rule 16(b) that the Court's scheduling
order shall not be modified except upon a showing of good
cause." <u>Holmes v. Grubman</u>, 568 F.3d 329, 334–35 (2d Cir. 2009).
"The burden of demonstrating good cause rests with the movant,"
<u>Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry
First LLC</u>, 282 F.R.D. 76, 79 (S.D.N.Y. 2012), and requires the
movant to show that "the deadlines [could not] be reasonably met
despite [the movant's] diligence," <u>Rent-A-Center Inc. v. 47</u>

6

Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003). A party does not show diligence if the proposed amendment is based on information the party knew at the time the party commenced the action. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 340-41 (2d Cir. 2000).

Although the moving party's diligence is a district court's "primary consideration" in its Rule 16(b) good cause inquiry, a court "also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Kassner, 496 F.3d at 244. An amendment is prejudicial to the non-moving party if it "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008). "Central to this analysis is the extent to which the new claims arise from the existing ones and whether a party had prior notice of a new claim." Clune v. Barlory, No. 16-cv-4441, 2023 WL 2929388, at *5 (S.D.N.Y. Apr. 13, 2023); see also Blagman v. Apple, Inc., No. 12-cv-5453, 2014 WL 2106489, at *4 (S.D.N.Y. May 19, 2014) ("The fact that a proposed amendment would add new issues is normally not prejudicial unless the opposing party would be confronted with some unique difficulty in defending against the new issues.").

Because the plaintiff is proceeding <u>pro se</u>, the plaintiff "is afforded extra leeway in meeting the procedural rules governing litigation." <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 96 (2d Cir. 1993). This leniency applies to a Rule 16(b) inquiry. <u>Case v. Clivilles</u>, No. 12-cv-8122, 2016 WL 5818577, at *3 (S.D.N.Y. Oct. 4, 2016). However, a "district court does not abuse its discretion in denying leave to amend the pleadings where the moving party has failed to establish good cause, as required by Rule 16(b), to amend the pleadings after the deadline set in the scheduling order." <u>Smith v. N.Y.C. Dep't of Educ.</u>, 524 F. App'x 730, 733 (2d Cir. 2013).

### III.

The defendants argue that the plaintiff has not demonstrated good cause for amending his complaint after the deadline set by the scheduling order had passed.

The defendants argue that Grecco could have been named earlier as a party to this case because the plaintiff was aware of Grecco and his role at H&H when filing his initial complaint. <u>See, e.g.</u>, First Compl. ¶¶ 109-20. The defendants also argue that they will suffer undue prejudice if the plaintiff is allowed to amend his complaint because the defendants will have to "amend or supplement their discovery demands" and investigate the newly pleaded claims. Defs.' Opp'n, ECF No. 77, at 4.

Finally, the defendants argue that the plaintiff's breach of contract claims are futile.

**A.**

The plaintiff has demonstrated good cause to amend his complaint to include a constitutional claim against Grecco.[4] The plaintiff represents that he was not aware of the full extent of Grecco's involvement in this matter until receiving materials from the defendants' counsel in preparation for discovery which allegedly demonstrated Grecco's more substantial involvement in this case, which the defendants do not dispute. Pl.'s Mot. at 15. Because the plaintiff added the constitutional claim against Grecco shortly after learning additional key facts about Grecco's involvement in this case, the plaintiff has shown diligence in filing this claim. See Parker, 204 F.3d at 341; Est. of Ratcliffe v. Pradera Realty Co., No. 05-cv-10272, 2007 WL 3084977, at *4 (S.D.N.Y. Oct. 19, 2007).

---

[4] The plaintiff's constitutional claim does not cite any statute or constitutional provision granting the plaintiff a right of action. Because the plaintiff is proceeding pro se, his complaint must be construed liberally. See Freshwater, 623 F.3d at 101. Accordingly, the plaintiff's Fourteenth Amendment claim is construed as a cause of action under 42 U.S.C. § 1983. Section 1983 imposes liability for violation "under color of any statute, ordinance, regulation, custom, or usage[] of any State . . . of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; see Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). With respect to the plaintiff's claims under the New York State Constitution, no private right of action exists for violations of the New York State Constitution where the plaintiff has an alternative remedy under § 1983 for violations of parallel provisions of the United States Constitution. Alwan v. City of New York, 311 F. Supp. 3d 570, 586 (E.D.N.Y. 2018) (collecting cases).

The defendants have also failed to establish that including the constitutional claim against Grecco would result in undue prejudice. The defendants would not have to expend significant additional resources to conduct discovery. The plaintiff has already asserted Fourteenth Amendment-based claims against the existing defendants, Second Am. Compl., ECF No. 39, ¶¶ 325-30, and the facts underlying the new claim are almost "entirely based upon the same exact set of facts which had already been alleged" by the plaintiff, Pl.'s Mot. at 7; see Barlory, 2023 WL 2929388, at *5; Salomon v. Adderley Indus., Inc., 960 F. Supp. 2d 502, 508 (S.D.N.Y. 2013) ("[The defendant] will not have to expend significant additional resources because the same claims in the original complaint are being alleged against the new parties."). The fact that the defendants will have to respond to the plaintiff's new claim is not itself a reason for denying leave to amend. See Gristede's Operating Corp., 265 F.R.D. at 101; State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 149 (E.D.N.Y. 2007) ("The burden of conducting additional discovery does not automatically constitute undue prejudice.") (collecting cases).

Moreover, there is also no indication that adding Grecco as a defendant would significantly delay the resolution of this case. The parties have thus far only initiated discovery, having "exchanged initial disclosures" and the defendants having

"served their discovery demands." Defs.' Opp'n at 4; see
Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 455 (S.D.N.Y.
2016) (allowing the plaintiff to amend the complaint to add a
defendant where discovery had not been completed by any party);
Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 193, 200
(S.D.N.Y. 2014) ("A court is more likely to find an amendment
prejudicial if discovery has closed."). Accordingly, the
defendants have not demonstrated that amending the complaint to
include a constitutional claim against Grecco would cause undue
prejudice.

Because the plaintiff has shown good cause for amending his
complaint to include a § 1983 claim against Grecco and the
defendants have not argued that such a claim would be futile,
the plaintiff's motion to amend his complaint to add this claim
is **granted.**

**B.**

However, the plaintiff has not demonstrated good cause to
amend his complaint to include breach of contract claims against
the defendants. The plaintiff concedes that he knew enough
information to assert these claims when filing the initial
action. Pl.'s Mot. at 12. Accordingly, the plaintiff has not
shown diligence in filing the breach of contract claims. See
Parker, 204 F.3d at 341; see also Clivilles, 2016 WL 5818577, at
*4 (denying the pro se plaintiff's leave to amend where the

plaintiff "clearly knew of the facts underlying her proposed claim before the [scheduling order] deadline"). The plaintiff represents that he did not realize that he could bring a breach of contract claim against the defendants until he conducted further legal research. Pl's Mot. at 13. However, unawareness of a possible claim is an insufficient ground for an amendment. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990).

Moreover, the plaintiff's proposed breach of contract claims are futile, even under the "less stringent" standard provided by Rule 15(a). See Wolk v. Kodak Imaging Network, Inc., 840 F. Supp. 2d 724, 737 (S.D.N.Y. 2012), aff'd sub nom. Wolk v. Photobucket.com, Inc., 569 F. App'x 51 (2d Cir. 2014). Under New York law, absent express agreements of fixed duration, employment relationships are presumed to be "at will, and may be freely terminated by either party at any time without cause or notice." Colodney v. Continuum Health Partners, Inc., No. 03-cv-7276, 2004 WL 829158, at *5 (S.D.N.Y. Apr. 15, 2004). This presumption can be rebutted through the establishment of an "express limitation in the individual contract of employment curtailing an employer's right to terminate at will." Baron v. Port Auth. of N.Y. & N.J., 271 F.3d 81, 85 (2d Cir. 2001). Policies in an employment manual are considered part of the employment contract if "(1) an express written policy limiting

the employer's right of discharge exists, (2) the employer (or one of its authorized representatives) made the employee aware of this policy, and (3) the employee detrimentally relied on the policy in accepting or continuing employment." Id. This is a "difficult pleading burden," and "routinely issued employee manuals, handbooks and policy statements should not lightly be converted into binding employment agreements." Dutt v. Young Adult Inst., Inc., No. 17-cv-5855, 2018 WL 3148360, at *5 (S.D.N.Y. June 26, 2018). The combination of a probationary period, "[o]ral assurances," and "general provisions in the employee manual" is insufficient to establish an implied employment contract. Colodney, 2004 WL 829158, at *5. An at-will employee may nevertheless state a claim for breach of an implied contract by showing that:

> (1) the employee was induced to leave his prior employment by the assurance that his new employer would not discharge him without cause, (2) the assurance was incorporated into the employment application, (3) the employee rejected other offers of employment in reliance on the assurance, and (4) the employment was subject to the provisions of a personnel handbook or manual which provided that dismissal would be for just and sufficient cause only.

O'Reilly v. Citibank, N.A., 603 N.Y.S.2d 572, 573 (App. Div. 1993).

In this case, the plaintiff has not rebutted the presumption of at-will employment. H&H Personnel Rules and Regulations Section 5.2.3 provides that H&H's right of discharge

of a probationary employee is limited not only to "gross misconduct" but also to unsatisfactory performance. DiBenedetto Decl., Ex. A, ECF No. 43-1, at 25. The plaintiff does not allege that H&H or any of its representatives made the plaintiff aware of this policy, and does not allege that he relied detrimentally on the policy in accepting or continuing his employment. See Baron, 271 F.3d at 85. Accordingly, the policies in the H&H Personnel Rules and Regulations are not part of the plaintiff's employment contract, and the plaintiff is subject to the standard applied to at-will employees.

As an at-will employee, the plaintiff has not established the existence of an implied contract. The plaintiff does not allege that he was induced to leave his prior employment by the assurance that H&H would not discharge him without cause, that any such assurance was incorporated into his employment application, or that he rejected other offers of employment in reliance on the assurance. See O'Reilly, 603 N.Y.S.2d at 573. Accordingly, the plaintiff has not stated a claim for breach of contract against H&H. Moreover, because the only implied contract alleged by the plaintiff is between the plaintiff and H&H, the plaintiff has also not stated a claim for breach of contract against the individual defendants Matulich and Grecco.

Because the plaintiff does not show good cause for amending his complaint to include breach of contract claims and because

such claims would be futile, the plaintiff's motion to amend his complaint to add these claims is **denied**.[5]

**CONCLUSION**

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion to amend the complaint to add certain claims and a new defendant is **granted** in part and **denied** in part. The Clerk is directed to close ECF No. 70.

**SO ORDERED.**

Dated:    New York, New York
            July 13, 2023

                                John G. Koeltl
                    United States District Judge

---

[5] To the extent that the plaintiff is simply expanding on his current claims against the current defendants, the motion to amend is **granted** because there is no colorable claim of prejudice and the additional allegations simply add evidentiary details.