UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

FRED JENKINS,

                                    Plaintiff,

-against-

THE NEW YORK CITY HEALTH AND HOSPITAL
CORP., AND KEVIN MATULICH,

                                    Defendant.
------------------------------------------------------------------------x

**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

No. 1:21-cv-02848

**WHEREAS**, the Plaintiff and Defendant (the "Parties") to this action each seek certain documents and information in discovery in this action which the Parties deem confidential; and,

**WHEREAS**, the Parties want appropriate protection to ensure the confidentiality of the documents and information at issue is preserved; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, as follows:

1. <u>Confidential Information</u>. As used herein, "Confidential Information," means (a) the address, telephone number, social security number, and date of birth (except year) of the Plaintiff and non-parties; (b) documents the Parties designate as "Confidential" pursuant to this Order, so long as the designation is in good faith; and (c) any documents that the Court directs to be produced subject to this Order. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains confidential information.

2.  <u>Use of Confidential Information.</u> Neither the Parties, nor their attorneys or anyone else receiving such Confidential Information as provided herein shall use the Confidential Information for any purpose other than for the preparation or presentation of their case in this action, except that nothing herein shall limit a party's use of its own confidential materials.

3.  <u>Designation of Materials.</u> In order to designate documents or other material as "Confidential" within the meaning of this Protective order, the Producing Party may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number or other method reasonably calculated to give the Receiving Party notice of the confidentiality designation, in a writing directed to the Receiving Party's attorneys. The Producing Party may designate as "Confidential" any documents or material pursuant to this Order within 20 days after production of such documents or material. Deposition or hearing testimony may be designated as "Confidential Information" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to counsel within 20 days after receipt of the deposition transcript. Inadvertent failure to designate a document as Confidential pursuant to this Order may be corrected by supplemental written notice and supplemental production, each given as soon as practicable. No disclosure of Confidential Information (or any information contained therein or derived therefrom), whether intentional or inadvertent, shall be deemed to waive any of the rights provided herein or at law, including claims and assertions of privilege and/or relevancy, except as provided above. Disclosure of Confidential Information for one purpose does not constitute a waiver for any other purposes.

4. <u>Disclosure of Confidential Information to Third Parties.</u> Neither a party nor counsel in receipt of Confidential Information shall disclose Confidential Information to any person except under the following conditions:

   a. Disclosure before trial may be made only to (i) the Court, the Parties in this action and their attorneys, (ii) any vendor hired by the receiving counsel to assist in discovery management and/or trial preparation; (iii) an expert who has been retained or specially employed by counsel in anticipation of litigation or preparation of this action (including consulting experts); (iv) a third party witness who authored or was a designated recipient of a document containing confidential information, or a witness not under the disclosing party's control at deposition (as provided for below); (v) at the trial (or another hearing) of this action (as provided for below), wherein for all cases the disclosure of such information is deemed necessary to the investigation of the matters relevant to this action, presentation of such testimony, or the legal issues pertinent to this action;

   b. Before any disclosure is made pursuant to Section (a)(ii)-(v) above, the Receiving Party shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the confidential materials for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by that Parties and a

- 3 -

   copy shall be furnished to the Producing Party upon request, but only with respect to those witnesses who are identified by a party pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure. Nothing in this provision shall require disclosure by a party of the identity of non-testifying experts and/or consultants.

  c. Disclosure to an individual not listed in subparagraph 3(a) above may be made only upon granting of an application to the Court, and for good cause shown. In the event a conflict arises between the Parties as to whether a party may show Confidential Information to an individual not listed in subparagraph (a) above, or to a witness during a deposition (as provided in subparagraph (a)(iv) above), the receiving party agrees not to do so until such time as the Parties can obtain a ruling from the Court in this regard; and

  5. <u>Reproduction of Confidential Information.</u> Confidential Information shall not be copied or reproduced except for use in this action, and shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies or reproductions of Confidential Information are made does not preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" as appropriate. All copies or reproductions of Confidential Information shall be kept under the control of the persons described in paragraph 3.

6. <u>Use of Confidential Information by the Producing Party.</u> Nothing in this Protective Order shall preclude the Parties from using, for any purpose outside this litigation, documents they have produced, or deposition testimony they alone have designated (and no other party has designated), as Confidential Materials.

7. <u>Documents Not Covered.</u> The provisions of this Protective Order shall not apply to documents or other material designated as Confidential Materials to the extent that such documents or materials (a) are obtained from sources other than the Producing Party, with the exception of materials obtained pursuant to a party's authorization for the release of such documents, or (b) are otherwise publicly available.

8. <u>Filing Redacted Documents.</u> Notwithstanding the foregoing provisions, where the Confidential Material is not relevant to issues addressed in court submissions and the Parties agree in writing that the redaction of confidential information would be sufficient to protect the interests of the Producing Party, the Parties may file redacted documents without further order of the Court.

9. <u>Objections to Confidential Designations.</u> If anyone objects to discovery being considered Confidential Information, the Receiving Party shall state the objection by letter to the Producing Party. The Parties shall then meet and confer, and if the Receiving Party gives notice that the meet and confer was unsuccessful and no agreement can be reached, the Producing Party may move within 21 days of such notice for an Order that the challenged information qualifies as Confidential Information. If the Producing Party moves within 21 days after receiving notice that the meet and confer was unsuccessful and no agreement can be reached, the disputed information shall be treated as Confidential until the Court issues a ruling.

10. <u>Depositions.</u> Persons attending depositions taken in this action at which Confidential Information or any information contained therein is identified, discussed or disclosed shall be limited to the Parties, the Court reporter, the deponent, counsel for the deponent, counsel for the Parties and any representative of the Parties who are bound by the terms of this Stipulation and Confidentiality Agreement and such other persons identified herein. If any Confidential Information is to be used during the deposition of a non-Party witness, the deponent shall be given a copy of the Consent Form prior to the deposition, advised that he or she is bound by the terms thereof, and requested to sign the Consent Form. In the event the deponent elects not to execute the Consent Form, the court reporter will be directed not to provide a copy of the deposition transcript to the deponent for review, but shall require the deponent to come to the court reporter's office to review the transcript. The deponent will not be allowed to make a copy of the transcript. In addition, the court reporter is prohibited from providing a copy to the deponent of any Confidential Information contained in exhibits to the deposition.

11. <u>Filings with the Court.</u> In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of the Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission, until further order of the Court. The Parties will use their best efforts to minimize such sealing.

If any paper that incorporates any Confidential Information or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend;

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

12. Court Proceedings. Subject to the applicable rules of evidence, Confidential Information may be disclosed at trial or at a hearing in open court. Either party intending to use Confidential Information shall notify the supplying party of the listing as a trial exhibit of documents containing its Confidential Information within one day after so listing such documents. Where the Confidential Information to be disclosed was not listed on the trial exhibit list, the party disclosing the Confidential Information must provide twenty four (24) hours' advance notice (or, if that is not possible, as much advance notice as is practicable in the circumstances) to the supplying party. Nothing in this Order shall operate as an admission by any party that any particular discovery information is or is not admissible in evidence at the trial of this action.

13. Subpoena or Compulsory Process. Unless prohibited by court order, if a party or counsel has obtained Confidential Information under the terms of this Stipulation and Protective Order and receives a subpoena or other compulsory process commanding the production

of such Confidential Information, the subpoenaed party shall promptly notify the supplying party. The subpoenaed party or counsel shall not produce any Confidential Information in response to the subpoena without the prior written consent of the supplying party unless in response to an order of a court of competent jurisdiction. The subpoenaed party or counsel will not object to the supplying party having a reasonable opportunity to appear in the litigation or process commanding disclosure of the supplying party's Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

14. <u>Enforcement Jurisdiction Breach.</u> If Confidential Information under the terms of this Order is disclosed to any person other than one entitled to disclosure in the manner authorized under this Order, the party responsible for the unauthorized disclosure shall immediately upon learning of such disclosure inform the party that made the designation of confidentiality in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further unauthorized disclosure of the Confidential Information.

15. <u>Compliance.</u> Notwithstanding the foregoing, counsel are responsible for employing reasonable measures to control, consistent with the terms of this Order, duplication of, access to and distribution of Confidential Information under the terms of this Order.

16. <u>Agreement to Be Bound.</u> For the purposes of this Stipulation only, the Parties and Parties in receipt of Confidential Information agree to be subject to the jurisdiction of the Court (including, but not limited to, any dispute concerning its enforcement and/or interpretation) and to be bound by the terms of this Stipulation and Order. Notwithstanding the foregoing, in the event of a breach of this Stipulation and Confidentiality Agreement, the Parties shall be entitled to obtain injunctive relief from any court having jurisdiction to enforce the

provisions hereof. This Stipulation and Confidentiality Agreement shall be interpreted in accordance with the laws of the State of New York.

       17.    <u>Protected Material.</u>  The Parties agree to the following regarding production of Protected Material as governed by Federal Rule of Evidence 502(d):

    a. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law as well as any non-party personally identifying information (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection applicable to that information in this action.

    b. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state on a privilege log the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document) and the basis for the claim of privilege or protection.

    c. Upon receiving a Clawback Demand, the Receiving Party shall within five business days, destroy the Protected Material or return it to the

Producing Party, including any copies, and notify any third-party to whom the Receiving Party sent such identified Protected Material to return it to the Producing Party or destroy it. The Receiving Party shall provide written assurance of these actions within five days of receiving a Clawback Demand. If the document or information subject to the Clawback Demand contains protected material only in part, then the Producing Party shall, within five business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

d. If the Receiving Party identifies a document or record produced by the Producing Party that appears to be Protected Material it shall immediately notify the Producing Party of the existence of the document, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand.

e. If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitutes Protected Material, then, within five business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand, (or, in the case of redacted documents, compelling that the redactions be removed). The motion shall not assert as a

- 10 -

      ground for production the fact that such documents or information was previously produced, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above-referenced privilege log, or any portion of the document that the Parties agree is not Protected Material).

f. The Receiving Party shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand. Disclosure of Protected Material before a Receiving Party receives a Clawback Demand shall not be a violation of this Order.

g. The Producing Party shall not, by reason of producing Protected Material, move to disqualify counsel for any Receiving Party whether or not the Receiving Party contests the Producing Party's claim that it is Protected Material.

18. <u>Miscellaneous.</u> Nothing in this Stipulation and Protective Order shall be construed to limit the use of the Confidential Information in any manner by the party who provided it. Counsel for the supplying party or person may agree in writing to any specific disclosure of Confidential Information (or any information contained therein or derived therefrom) in a particular circumstance without prejudice to the continued application of this Agreement as to the use of that document or thing.

This Stipulation and Protective Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Stipulation and Protective

Order, nor the designation of any information or document as Confidential Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action. Nothing herein shall be construed as an agreement or admission: (a) that any information, document, or the like designated as Confidential Information or the like by an opposite party is in fact confidential or a trade secret; or (b) with respect to the competency, relevance or materiality of any information, document.

19. <u>Termination of this Case.</u> Sealed records which have been filed with the clerk shall be removed and destroyed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the clerk that, should they fail to remove the sealed records within thirty (30) days, the clerk may dispose of them.

The confidential nature of all information subject to this Stipulation and Protective Order shall continue, and this Stipulation and Protective Order shall remain in full force and effect, after the termination of this case (including any related appeals). Within 90 days of the termination of this case, the Parties and persons in receipt of Confidential Information shall return all Confidential Information they had received (including all copies, notes, and other materials containing or referring to information derived therefrom) to counsel for the party or Parties that had produced the Confidential Information.

20. <u>Modification of this Order.</u> The Parties may seek modification of this Stipulation and Protective Order, and either party may seek review of confidentiality designations under this Order by application to the Court for good cause shown at any time during this litigation.

21. <u>Filing this Order.</u> This Stipulation and Protective Order may be filed with the Court bearing facsimile or scanned signatures of counsel as though originals.

Dated: New York, New York
July 19th, 2023

Fred Jenkins
1476 Needham Avenue #2
Bronx, New York 10469

_____
Fred Jenkins

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Room 2-171
New York, New York 10007
(212) 356-5031

_____
Rachel M. DiBenedetto
Assistant Corporation Counsel

> This Order is not binding on the Court personnel. The Court reserves the right to amend it any time.
>
> So ordered.
> [signed] John G. Koeltl
> 7/21/23   USDJ

- 13 -